UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Spires, # 298775, | ) C/A No. 3:07-1874-CMC-JRM |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| Larry Propes, | ) |
| Defendant. | ) |

## *Background of this Case*

The plaintiff is an inmate at the Lee Correctional Institution of the South Carolina Department of Corrections (SCDC). The defendant is the Clerk of Court for the United States District Court for the District of South Carolina. The "STATEMENT OF CLAIM" portion of the § 1983 complaint reveals that this civil rights action concerns payment of the filing fee in the plaintiff's prior case, *James Spires v. Swanson Canteen Services, et al.*, Civil Action No. 3:06-1751-CMC-JRM. The plaintiff contends that he was overcharged for the filing fee.

The Financial Certificate (Entry No. 3) submitted by the plaintiff in Civil Action No. 3:06-1751-CMC-JRM indicated that the filing fee was two hundred fifty dollars ($250). The plaintiff, however, delivered the pleadings in Civil Action 3:06-1751-CMC-JRM to prison officials for mailing on June 8, 2006. This was also two (2) months *after* the filing fee for a civil action had been raised by the Congress to three hundred fifty dollars ($350), effective April 9, 2006, pursuant

1

to the Deficit Reduction Act of 2005.[1]  In other words, the Statement of Assets (Entry No. 2) and the Financial Certificate (Entry No. 3) submitted by the plaintiff in Civil Action 3:06-1751-CMC-JRM were on superannuated forms.

## *Discussion*

Under established local procedure in this judicial district, a careful review[2] has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325, 104 L.Ed.2d 338, 109 S.Ct. 1827, 1989 U.S. LEXIS® 2231 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[3]

---

[1]*Cf. Senate Select Committee on Presidential Campaign Activities v. Nixon*, 366 F. Supp. 51, 55 & n. 6 (D.D.C. 1973)(*paraphrasing* Job 1:21 (Authorized Version of 1611 ["King James" version]): "When it comes to the jurisdiction of the federal courts, truly to paraphrase the scripture, the Congress giveth and the Congress taketh away.").

[2]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[3]*Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989)(insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

*Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978), *cert. denied*, *Moffitt v. Loe*, 446 U.S. 928 (1980); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, *Leeke v. Gordon*, 439 U.S. 970 (1978).  The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 75 U.S.L.W. 3643, 127 S.Ct. 2197, 2007 U.S. LEXIS® 6814 (U.S., June 4, 2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true.  *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975).  Even under this less stringent standard, the § 1983 complaint is subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Weller v. Department of Social Services*, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

The undersigned is treating the above-captioned case as a *Bivens* action because the defendant is a federal official.  In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971), the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights.  "*Bivens* is the case establishing, as a general proposition, that victims of a constitutional violation perpetrated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits."  *Wright v. Park*, 5 F.3d 586, 589 n. 4, 1993 U.S.App. LEXIS® 25129 (1st Cir. 1993), which *cites*, *inter alia*, *Carlson v. Green*, 446 U.S. 14, 18 (1980)(restating *Bivens* rule).

A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983: federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814-820 & n. 30 (1982). *Harlow*, which is often cited for the principle of the qualified immunity of state officials for acts within the scope of their employment, was brought against a federal official. In footnote 30 of the opinion in *Harlow*, the Supreme Court stated that *Harlow* was applicable to state officials sued under 42 U.S.C. § 1983. In other words, case law involving § 1983 claims is applicable in *Bivens* actions and *vice versa*. *See Farmer v. Brennan*, 511 U.S. 825, 128 L.Ed.2d 811, 114 S.Ct. 1970, 1994 U.S. LEXIS® 4274 (1994); *Bolin v. Story*, 225 F.3d 1234, 1241-1242, 2000 U.S.App. LEXIS® 22501 (11th Cir. 2000); and *Campbell v. Civil Air Patrol*, 131 F.Supp.2d 1303, 1310 n. 8, 2001 U.S.Dist. LEXIS® 2542 (M.D.Ala. 2001)(noting that, since courts have expanded the *Bivens* remedy, usually used for a Fourth Amendment violation, to allow direct action under First and Fifth Amendments, "the court shall refer interchangeably to cases" decided under both § 1983 and *Bivens*).

It is readily apparent that Mr. Propes and any deputy clerks who processed Civil Action No. 3:06-1751-CMC-JRM were following the undersigned's order of June 21, 2006, in Civil Action No. 3:06-1751-CMC-JRM, when they noted on the docket sheet that the plaintiff had incurred a debt of three hundred fifty dollars ($350) to the United States. The pertinent portion of the order of June 21, 2006, is quoted herein:

> This is a civil rights action filed by a state prisoner. Therefore, in the event that a limitations issue arises, the plaintiff shall have the benefit of the holding in Houston v. Lack, 487 U.S. 266, 270-276, 101 L.Ed.2d 245, 108 S.Ct. 2379, 1988 U.S. LEXIS® 2875 (1988)(prisoner's pleading was filed at moment of delivery to prison authorities for forwarding to District Court). Under Local Civil Rule 73.02(B), pretrial proceedings in this action have been automatically referred to the undersigned United States Magistrate Judge.

4

> In an order (Entry No. 5) filed in this case on June 13, 2006, the undersigned directed the plaintiff to submit the items needed to render this case into "proper form" and to answer Special Interrogatories. The plaintiff has done so.
>
> By filing this case, the plaintiff has incurred a debt to the United States of America in the amount of three hundred fifty dollars ($350). *See* 28 U.S.C. § 1914. This debt is not dischargeable in the event the plaintiff seeks relief under the bankruptcy provisions of the United States Code. *See* 11 U.S.C. § 523(a)(17). The Prison Litigation Reform Act (PLRA) of 1996 permits a prisoner to file a civil action without prepayment of fees or security, but requires the prisoner "to pay the full amount of the filing fee" as funds are available. *See* 28 U.S.C. § 1915(a) and (b). The plaintiff has submitted for evaluation a Statement of Assets and a Financial Certificate to this court to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a)(1) and (a)(2). The Statement of Assets contains a consent to the collection of the filing fee from the prisoner's trust account. A review of the Financial Certificate (Entry No. 3) reveals that the plaintiff does not have the funds to pay the first installment of the filing fee. **Therefore, the amount due from the plaintiff is currently three hundred fifty dollars ($350).**
>
> **TO THE CLERK OF COURT:**
>
> This case is subject to summary dismissal based on an initial screening conducted pursuant to 28 U.S.C. § 1915A. Therefore, the Clerk of Court shall ***not*** issue the summonses or forward this matter to the United States Marshal for service of process, unless instructed to do so by a United States District Judge or a Senior United States District Judge.

(Order [Entry No. 7] of June 21, 2006, in Civil Action No. 3:06-1751-CMC-JRM, at pages 1-2 [emphasis in original]).

Mr. Propes and his clerk's staff have quasi judicial immunity because they were following the undersigned's finding in the order of June 21, 2006, in Civil Action No. 3:06-1751-CMC-JRM, that the plaintiff has incurred a debt to the United States in the amount of three hundred fifty dollars ($350). *See* 28 U.S.C. § 1914; 28 U.S.C. § 1915; and *Mayes v. Wheaton*, 1999 U.S.Dist. LEXIS® 17182, 1999 WESTLAW® 1000510 (N.D.Ill., November 1, 1999)("Judicial immunity extends to all persons performing judicial and quasi-judicial functions, as well as those acting under the orders, or at the discretion, of a judicial officer."), *citing Forrester v. White*, 484 U.S. 219, 226-227, 98

5

L.Ed.2d 555, 108 S.Ct. 538, 1988 U.S. LEXIS® 308 (1988). *See also Cook v. Smith*, 812 F. Supp. 561, 562, 1993 U.S.Dist. LEXIS® 1854 (E.D.Pa. 1993); and *Mourat v. Common Pleas Court of Lehigh County*, 515 F. Supp. 1074, 1076 (E.D.Pa. 1981).

In *Mourat v. Common Pleas Court of Lehigh County*, the district rejected claims similar to those raised by the *pro se* plaintiff in the case *sub judice*:

> The clerk, Joseph Joseph, is also immune from suit. In the "recognized immunity enjoyed by judicial and quasi-judicial officers, including prothonataries, there exists an equally well-grounded principle that any public official acting pursuant to court order is also immune." We have here quoted from *Lockhart v. Hoenstine*, 411 F.2d 455, 460 (3d Cir. 1969)[, *cert. denied*, 396 U.S. 941 (1969)]. If he failed to act in accordance with the judicial mandate or court rule, he would place himself in contempt of court. See *Zimmerman v. Spears*, 428 F. Supp. 759, 752 (W.D.Tex.), *aff'd*, 565 F.2d 310 (5th Cir. 1977); *Davis v. Quarter Sessions Court*, 361 F. Supp. 720, 722 (E.D.Pa.1973); *Ginsburg v. Stern*, 125 F. Supp. 596 (W.D.Pa.1954), *aff'd per curiam on other grounds*, 225 F.2d 245 (3d Cir. 1955) sitting en banc.

*Mourat v. Common Pleas Court for Lehigh County, supra*, 515 F. Supp. at 1076. *See also Dieu v. Norton*, 411 F.2d 761, 763 (7th Cir. 1969)("Defendants Circuit Judge Cotton, court reporter Tellschow and circuit court clerk Block were all acting in the discharge of their official responsibilities[;] [a]s such they were protected by the traditional doctrine of judicial immunity, as this rule of law was not abolished by § 1983, *supra*.").

The doctrine of absolute quasi judicial immunity has been adopted and made applicable to court support personnel because of "the 'danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts[.]'" *Kincaid v. Vail*, 969 F.2d 594, 601, 1992 U.S.App. LEXIS® 17967 (7th Cir. 1992), *cert. denied*, *Sceifers v. Vail*, 506 U.S. 1062, 122 L.Ed.2d 152, 113 S.Ct. 1002, 1993 U.S. LEXIS® 252 (1993), *quoting Scruggs v. Moellering*, 870 F.2d 376, 377, 1989 U.S.App.

LEXIS® 3635 (7th Cir.), *cert. denied*, 493 U.S. 956, 107 L.Ed.2d 357, 110 S.Ct. 371, 1989 U.S. LEXIS® 5283 (1989). *See also Ashbrook v. Hoffman*, 617 F.2d 474, 476 (7th Cir. 1980)(collecting cases on immunity of court support personnel). *Cf. Pink v. Lester*, 52 F.3d 73, 1995 U.S.App. LEXIS® 8912 (4th Cir.1995), which overruled a 1972 case holding that clerks of court might be held liable for negligent conduct in the filing of prisoner pleadings. The case overruled by *Pink v. Lester* was *McCray v. Maryland*, 456 F.2d 1 (4th Cir. 1972).

In any event, in the "STATEMENT OF ASSETS" (Entry No. 2) submitted in Civil Action No. 3:06-1751-CMC-JRM, the plaintiff consented to collection of the filing fee. Moreover, the Financial Certificate (Entry No. 3) submitted by the plaintiff in Civil Action No. 3:06-1751-CMC-JRM indicated that the payments for the filing fee would be debited from the plaintiff's prison trust account.

## *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*, *supra*; *Neitzke v. Williams*, *supra*; *Haines v. Kerner*, *supra*; *Brown v. Briscoe*, 998 F.2d 201, 202-204 & n. *, 1993 U.S.App. LEXIS® 17715  (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); *Boyce v. Alizaduh*, *supra*; *Todd v. Baskerville*, *supra*, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B)[essentially a redesignation of "old" 1915(d)]; and 28 U.S.C. § 1915A[as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. Since the defendant in this case is immune from suit, this case is encompassed by 28 U.S.C. § 1915A(b)(2). Hence, I also recommend

that the above-captioned case be deemed a "strike" for purposes of the "three strikes" rule of 28 U.S.C. § 1915(g).  The plaintiff's attention is directed to the Notice on the next page.

                                      Respectfully submitted,

July 11, 2007                              s/Joseph R. McCrorey
Columbia, South Carolina            United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Clerk's Office**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**

**Failure to timely file specific written objections to this Report and Recommendation will result in a waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir.), *cert. denied*, *Schronce v. United States*, 467 U.S. 1208 (1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).