IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| James Allen Spires, #298775, | ) | C/A NO. 3:07-1874-CMC-JRM |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| Larry Propes, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on Plaintiff's *pro se* complaint brought in this court pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971).

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pre-trial proceedings and a Report and Recommendation. On July 11, 2007, the Magistrate Judge issued a Report recommending that the complaint be dismissed without prejudice and without issuance and service of process. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so. Plaintiff filed objections to the Report on August 31, 2007.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the

1

recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After reviewing the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order.

Plaintiff contends there is a "misunderstanding" about the amount of filing fee that he owes for a previous civil action, D.S.C. Civil Action No. 3:06-1751-CMC-JRM, *Spires v. Swanson Canteen Svcs., et al.*, and he seeks to have the lien removed from his inmate account. When Plaintiff filed his previous case, Magistrate Judge McCrorey issued an order that stated:

> By filing this case, the plaintiff has incurred a debt to the United States of America in the amount of three hundred fifty dollars ($350). . . . The Prison Litigation Reform Act (PLRA) of 1996 permits a prisoner to file a civil action without prepayment of fees or security, but requires the prisoner 'to pay the full amount of the filing fee' as funds are available. . . . Therefore, the amount due from the plaintiff is currently three hundred fifty dollars ($350).

Plaintiff's misconception about the amount of fee due (*see* Letter (Dkt. # 9 in Civil Action No. 3:06-1751-CMC-JRM, filed July 24, 2006)) does not change the fact that he owes the filing fee for the suit he brought against Swanson Services.

This case is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

                                              s/ Cameron McGowan Currie
                                              CAMERON McGOWAN CURRIE
                                              UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
September 4, 2007

C:\Documents and Settings\Kgb07\Local Settings\Temp\notesE1EF34\07-1874 Spires v. Propes e adopt rr dism case.wpd